Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MARK HUNTINGTON

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| MARK HUNTINGTON,        ) | **Case No.:** 5:20-cv-2106 |
|       Plaintiff,    ) | |
|    v.         ) | **PLAINTIFF'S COMPLAINT** |
|          ) | |
| SWIFTFUNDS FINANCIAL   ) | |
| SERVICES, LLC; SWIFT BPO  ) | |
| PARTNERS, LLC; MARIE PETREE; ) | |
| and FITNESS ALLIANCE, INC., d/b/a) | |
| EOS Fitness,        ) | |
|          ) | |
|      Defendants.    ) | |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff, MARK HUNTINGTON ("Plaintiff"), by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, SWIFTFUNDS FINANCIAL SERVICES, LLC; SWIFT BPO PARTNERS, LLC; MARIE PETREE;

and FITNESS ALLIANCE, INC., d/b/a EOS Fitness ("Swiftfunds", "Swift BPO", "EOS Fitness" and "Petree" respectively and "Defendants" collectively):

## INTRODUCTION

1. Counts I and III of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Counts II, IV, and V of the Plaintiff's Complaint are based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Palm Desert, Riverside County, State of California.

7. Plaintiff is a consumer and debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9. Swiftfunds is a debt collector as that term is defined by the FDCPA and the RFDCPA.

10. Swift BPO is a debt collector as that term is defined by the FDCPA and the RFDCPA.

11. Petree is a debt collector as that term is defined by the FDCPA and RFDCPA.

12. EOS Fitness is a debt collector as that term is defined by the RFDCPA.

13. Swiftfunds is a California business corporation headquartered in the City of Rolling Hills Estates, Los Angeles County, State of California.

14. Swift BPO is a Nevada limited liability company headquartered in the City of Las Vegas, Clark County, State of Nevada.

15. Petree is a natural person residing in the State of Nevada.

16. Petree is the owner of Swiftfunds.

17. Petree is the managing member of Swiftfunds.

18. Petree is the chief executive officer of Swiftfunds.

19. Petree is the owner of Swift BPO.

20. Petree is the managing member of Swift BPO.

21. Petree is the chief executive officer of Swift BPO.

22. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

23. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

24. Swiftfunds and Swift BPO send out collection letters to debtors that indicate that they were sent by both Swiftfunds and Swift BPO.

25. Swiftfunds and Swift BPO work together to collect the alleged debts.

26. Swiftfunds and Swift BPO operate their businesses as one and the same.

27. EOS Fitness is an Arizona limited liability company headquartered in the City of Phoenix, Maricopa County, State of Arizona.

28. Defendants are business entities and/or individuals engaged in the collection of debt within the State of California.

29. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

30. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

31. When an unpaid, outstanding account is placed with Swiftfunds and/or Swift BPO it is assigned a file number.

32. The principal purpose of Swiftfunds' business is the collection of debts allegedly owed to third parties.

33. The principal purpose of Swift BPO's business is the collection of debts allegedly owed to third parties.

34. Swiftfunds regularly collects, or attempts to collect, debts allegedly owed to third parties.

35. Swift BPO regularly collects, or attempts to collect, debts allegedly owed to third parties.

36. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail

and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

37. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

38. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a gym membership with EOS Fitness.

39. The alleged debt at issue arises from transactions for personal, family, and household purposes.

40. At all times relevant hereto, Swiftfunds/Swift BPO were engaged by EOS Fitness to collect the alleged debt from Plaintiff on EOS Fitness' behalf.

41. Swiftfunds/Swift BPO calls Plaintiff's cellular telephone at 760-828-0275  in an attempt to collect the alleged debt.

42. Swiftfunds/Swift BPO calls Plaintiff from several numbers, including 888-479-4384, which is one of Swiftfunds/Swift BPO's telephone numbers.

43. On or about January 13, 2020, Plaintiff received two (2) calls from Swiftfunds/Swift BPO.

44. On or about January 13, 2020, Plaintiff returned a call to Swiftfunds/Swift BPO and spoke with one of Swiftfunds/Swift BPO's collectors.

6

45. During the above-referenced call:

    a.  Plaintiff disputed owing the alleged debt;

    b.  Swiftfunds/Swift BPO's collector told Plaintiff that Swiftfunds/Swift BPO has already sued Plaintiff to collect on the alleged debt;

    c.  Swiftfunds/Swift BPO's inquired as to how Plaintiff was going to pay the alleged debt; and

    d.  Plaintiff told Swiftfunds/Swift BPO's collector to stop calling Plaintiff and hung up the phone.

46. Shortly thereafter, but on the same day, Plaintiff called Swiftfunds/Swift BPO again and requested to speak to a manager.

47. During the above-referenced call:

    a.  Plaintiff disputed owing the alleged debt;

    b.  Swiftfunds/Swift BPO's manager told Plaintiff that Swiftfunds/Swift does not allow for the dispute of debts;

    c.  Swiftfunds/Swift BPO's manager told Plaintiff that Plaintiff was a fool;

    d.  Swiftfunds/Swift BPO's manager threatened that Swiftfunds/Swift would sue Plaintiff if Plaintiff did not pay the alleged debt; and

    e.  Swiftfunds/Swift BPO's manager threatened that Swiftfunds/Swift would sue report the alleged debt on Plaintiff's credit report if Plaintiff did not pay the alleged debt.

48. To date, Swiftfunds/Swift BPO has not sued Plaintiff.

49. Swiftfunds/Swift BPO has never intended to sue Plaintiff.

50. To date, EOS Fitness has not sued Plaintiff.

51. EOS Fitness has never intended to sue Plaintiff.

52. Swiftfunds/Swift BPO's above-referenced actions were calculated to coerce Plaintiff into payment of the alleged debt.

53. The natural consequences of Swiftfunds/Swift BPO's statements and actions was to produce an unpleasant and/or hostile situation between Swiftfunds/Swift BPO and Plaintiff.

54. The natural consequences of Swiftfunds/Swift BPO's actions was to cause Plaintiff mental distress.

55. The natural consequences of Swiftfunds/Swift BPO's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

**COUNT I**
**SWIFTFUNDS FINANCIAL SERVICES, LLC/SWIFT BPO PARTNERS, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

56. Swiftfunds/Swift BPO violated the FDCPA based on the following:

   a. Swiftfunds/Swift BPO violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Swiftfunds/Swift BPO employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into payment of the

8

alleged debt;

b. Swiftfunds/Swift BPO violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when Swiftfunds/Swift BPO's manager called Plaintiff a fool;

c. Swiftfunds/Swift BPO violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Swiftfunds/Swift BPO engaged in, at least, the following discrete violations of § 1692e;

d. Swiftfunds/Swift BPO violated § 1692e(2)(A) of the FDCPA by their false representation of the character, amount, or legal status of any debt when Swiftfunds/Swift BPO's collectors made empty threats of legal action against Plaintiff;

e. Swiftfunds/Swift BPO further violated § 1692e(2)(A) of the FDCPA by their collector's false representation that Swiftfunds/Swift that had already sued Plaintiff;

f. Swiftfunds/Swift BPO violated § 1692e(4) of the FDCPA by their representation or implication that nonpayment of any debt will result in seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Swiftfunds/Swift BPO's collectors

9

made unlawful and empty threats to Plaintiff;

g. Swiftfunds/Swift BPO violated § 1692e(5) of the FDCPA by their threat to take any action that cannot legally be taken or that is not intended to be taken when Swiftfunds/Swift BPO's collectors made empty threats of legal action against Plaintiff;

h. Swiftfunds/Swift BPO violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false when Swiftfunds/Swift BPO threatened to report the alleged debt to the credit bureaus;

i. Swiftfunds/Swift BPO violated § 1692e(10) of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Swiftfunds/Swift BPO engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

j. Swiftfunds/Swift BPO violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt when Swiftfunds/Swift BPO engaged in all of the misconduct alleged herein;

k. Swiftfunds/Swift BPO violated § 1692g(a)(3) of the FDCPA by ignoring

Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Swiftfunds/Swift BPO employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt; and

l. Swiftfunds/Swift BPO violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Swiftfunds/Swift BPO ignored Plaintiff's oral dispute of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt.

WHEREFORE, Plaintiff, MARK HUNTINGTON, respectfully requests judgment be entered, both jointly and severally, against Defendants, SWIFTFUNDS FINANCIAL SERVICES, LLC and SWIFT BPO PARTNERS, LLC for the following:

57. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

58. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

59. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**SWIFTFUNDS FINANCIAL SERVICES, LLC/SWIFT BPO PARTNERS, LLC**
**VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES**
**ACT**

60. Plaintiff repeats and re-alleges paragraphs 1-56 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

61. Swiftfunds/Swift BPO violated the RFDCPA based on the following:

   a. Swiftfunds/Swift BPO violated § 1788.13(j) of the RFDCPA by its false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made when Swiftfunds/Swift BPO's collectors made empty threats of legal action against Plaintiff; and

   b. Swiftfunds/Swift BPO violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

   WHEREFORE, Plaintiff, MARK HUNTINGTON, respectfully requests judgment be entered, both jointly and severally, against Defendants, SWIFTFUNDS FINANCIAL SERVICES, LLC and SWIFT BPO PARTNERS, LLC, for the following:

62. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

63. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

64. Any other relief that this Honorable Court deems appropriate.

**COUNT III**
**MARIE PETREE VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

65. Plaintiff repeats and re-alleges paragraphs 1-56 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

66. At all relevant times, acting alone or in concert with others, Petree has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Swiftfunds/Swift BPO, and their employees, including the acts and practices set forth in this Complaint.

WHEREFORE, Plaintiff, MARK HUNTINGTON, respectfully requests judgment be entered, both jointly and severally, against Defendant, MARIE PETREE, for the following:

67. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

68. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

69. Any other relief that this Honorable Court deems appropriate.

70. Honorable Court deems appropriate.

**COUNT IV**
**MARIE PETREE VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

71. Plaintiff repeats and re-alleges paragraphs 60-64 of Plaintiff's Complaint as the

allegations in Count IV of Plaintiff's Complaint.

72. At all relevant times, acting alone or in concert with others, Petree has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Swiftfunds/Swift BPO, and their employees, including the acts and practices set forth in this Complaint.

WHEREFORE, Plaintiff, MARK HUNTINGTON, respectfully requests judgment be entered, both jointly and severally, against Defendant, MARIE PETREE, for the following:

73. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

74. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

75. Any other relief that this Honorable Court deems appropriate.

**COUNT V**
**FITNESS ALLIANCE, INC., d/b/a EOS Fitness VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

76. Plaintiff repeats and re-alleges paragraphs 60-64 of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

77. As alleged above, EOS Fitness is a debt collector as defined by the RFDCPA.

78. EOS Fitness engaged the services of fellow debt collector Swiftfunds/Swift BPO to collect the alleged debt from Plaintiff.

79. EOS Fitness has the burden to monitor the activities of Swiftfunds/Swift BPO.

80. Swiftfunds/Swift BPO violated the RFDCPA.

81. EOS Fitness is vicariously liable for the unlawful collection activities carried out by Swiftfunds/Swift BPO on its behalf.

WHEREFORE, Plaintiff, MARK HUNTINGTON, respectfully requests judgment be entered, both jointly and severally, against Defendant, FITNESS ALLIANCE, INC., d/b/a EOS Fitness, for the following:

82. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

83. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

84. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,
DATED: October 08, 2020      AGRUSS LAW FIRM, LLC


By /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff,
MARK HUNTINGTON